UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re: International Judicial Assistance in:<br><br>MYRIAM ALEJANDRA BURDA et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>DESPEGAR.COM.AR,<br><br>   Defendant. | CASE NO. 2:23-mc-00081-LK<br><br>ORDER APPOINTING COMISSIONER UNDER 28 U.S.C. § 1782 |

This matter comes before the Court on the United States' ex parte Motion for Appointment of Commissioner Pursuant to 28 U.S.C. § 1782. Dkt. No. 1. The United States moves on behalf of the First Instance Court in Commercial Matters No. 5, Clerk Office No. 9 in charge of Pablo Omar Almide, Clerk, in and for the city of Buenos Aires, Argentina ("First Instance Court"), seeking information from Expedia for use in a judicial proceeding in Argentina. *Id.* at 1–3; Dkt. No. 1-2 (Letter of Request). For the reasons discussed herein, the Court grants the United States' motion.

## I. BACKGROUND

Judge Maria Soledad Casazza, sitting in the First Instance Court, is currently adjudicating an action captioned *Burda, Myriam Alejandra et al. v. Despegar.com.ar SA*. Dkt. No. 1-2 at 4, 6–8. To help resolve this dispute, Judge Casazza seeks disclosure of information and supporting documentation from Expedia regarding: (1) whether in September 2019, Despegar made reservation No. 157751101300 – Access Code No. 8076831105284 – at the Best Western International Drive Hotel, for the period of March 13, 2020 through March 24, 2020; 2) whether Expedia received the sums of money paid for such reservation, whether those amounts were transferred to the hotel, and if so, the amounts received and payment dates; 3) what happened with the above mentioned reservation under the name of Sanchiz Piergiacomi as a result of the Covid-19 Pandemic, whether the reimbursement of the amounts paid were authorized, and the reasons why; and 4) whether Despegar carried out any dealings regarding this matter and details of the same. *Id.* at 6. Judge Casazza also asks that Expedia verify the authenticity of emails accompanying her request as "Annex IV," Dkt. No. 1-2 at 7, 15, but no such attachment has been received by this Court. Expedia is headquartered in Seattle, Washington. Dkt. No. 1-4 at 2.

The United States represents that Judge Casazza's request was transmitted to the U.S. Department of Justice, Civil Division, Office of International Judicial Assistance ("OIJA") on September 20, 2023, pursuant to the Hague Evidence Convention and 28 C.F.R. § 0.49(a). Dkt. No. 1 at 3. The OIJA then transmitted the Letter of Request to the U.S. Attorney's Office for the Western District of Washington on October 27, 2023, for execution in accordance with 28 C.F.R. § 0.49(c). *Id.*; Dkt. No. 1-1 at 1.

## II. LEGAL STANDARD

Section 1782(a) permits federal district courts to assist in gathering evidence for use in foreign proceedings. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). The

statute specifically authorizes a district court to order a person residing or found within the district "to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal[.]" 28 U.S.C. § 1782(a). The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Intel Corp.*, 542 U.S. at 246; *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019).

In addition to the mandatory statutory requirements, the district court retains discretion in determining whether to grant an application under Section 1782(a) and may impose conditions it deems desirable. *Intel Corp.*, 542 U.S. at 260–61. In *Intel*, the Supreme Court created a non-exhaustive list of factors to consider in ruling on a Section 1782(a) request, including (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the Section 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *Id.* at 264–65.

### III.  DISCUSSION

A.  **Statutory Factors**

The United States has satisfied the three statutory criteria under Section 1782. First, the discovery is sought from Expedia, which is headquartered and has its principal place of business in Seattle, Washington. Dkt. No. 1-4 at 2. Second, the discovery is for use in a proceeding in a foreign tribunal, the First Instance Court in Buenos Aires, Argentina. Dkt. No. 1-2 at 6–8. And third, the applicant for the discovery is the aforementioned tribunal. *Id.*

**B.      Discretionary *Intel* Factors**

At this stage, the Court also finds that the discretionary *Intel* factors weigh in favor of granting this request. First, Expedia is not a participant in the foreign proceedings underway in Argentina and it is not apparent that the First Instance Court could obtain the requested information from Expedia absent this Court's assistance. Second, as the United States points out, the fact that an Argentinian tribunal made the instant request suggests that it is receptive to the assistance. *See* Dkt. No. 1 at 7. For the same reason, the third *Intel* factor related to the potential circumvention of a foreign tribunal's discovery rules or other policies is not present here. *See, e.g.*, *In re Request for Jud. Assistance from the Dist. Ct. in Svitavy, Czech Republic*, 748 F. Supp. 2d 522, 529 (E.D. Va. 2010) ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy.").

And last, the Court finds that the subpoena request is sufficiently tailored and not unduly intrusive or burdensome. *See, e.g.*, *In re Omori*, No. 5:23-MC-80195-EJD, 2023 WL 5957172, at *4 (N.D. Cal. Sept. 12, 2023).

## IV.   CONCLUSION

For the foregoing reasons, it is ORDERED that under the authority contained in 28 U.S.C. § 1782, Nickolas Bohl, Assistant United States Attorney for the Western District of Washington, is hereby appointed as Commissioner to take such steps as are necessary to obtain information from Expedia in conformity with the legally permissible portions of the Letter of Request, Dkt. No. 1-2, to certify the information provided by Expedia in response thereto, to submit such answers to the United States Attorney for the Western District of Washington for transmission to the Office

//

//

ORDER APPOINTING COMISSIONER UNDER 28 U.S.C. § 1782 - 4

of International Judicial Assistance, United States Department of Justice, and to do all else that may be necessary for the accomplishment of the purpose of this Order.

Dated this 13th day of November, 2023.

*Lauren King*

Lauren King
United States District Judge

ORDER APPOINTING COMISSIONER UNDER 28 U.S.C. § 1782 - 5